No. 2,536.

*Ex parte* M. A. WALSH UPON HABEAS CORPUS.

WAIVER OF EXAMINATION. — CRIMINAL LAW. — A waiver of an examination by a party charged with felony, before a Justice of the Peace, and the commitment and admission to bail of the accused by the Justice, without any examination of witnesses for the people, is not a bar to any other or further examination on the same charge by a District Judge, or other magistrate, on a proper application.

IDEM. — CRIMINAL PRACTICE. — Chapter 7, of the Criminal Practice Act, in effect, requires that the witnesses for the people shall be examined, but does not contemplate a total waiver by defendant of any examination into the charge made against him.

IDEM. — The prevailing practice of admitting persons charged with felony to bail, without an examination of the witnesses for the people, is unauthorized by the statute.

PRELIMINARY EXAMINATION. — CRIMINAL LAW. — Whether when the Justice of the Peace had examined the witnesses against the accused, and proceeded, in other respects, in accordance with the statute, such proceeding would necessarily oust the authority of another magistrate to proceed anew to investigate the same charge, not decided.

ORIGINAL writ issued out of the Supreme Court, and heard at Chambers.

The facts are stated in the opinion.

*D. P. Wigginton,* for the Writ.

WALLACE, J., delivered the following opinion, RHODES, C. J., concurring :

The petitioner, Walsh, being charged, by sworn complaint in the usual form, with feloniously killing one A. J.

CAL. REP. XXXIX. — 89.

Atwell at the County of Merced, a warrant of arrest was issued against him, and he was brought before a Justice of the Peace of that county for examination. Witnesses were subpœnaed, but none of them seem to have been sworn or examined, and Walsh, *waiving an examination*, was, upon such waiver, held to answer the charge, and was by the Justice admitted to bail in the sum of one thousand dollars, and, having given an approved bond in that sum, was thereupon discharged from further personal custody.

Subsequently, however, at said county, a similar complaint, charging Walsh with the commission of the same offense, was presented to the Hon. A. C. Bradford, the Judge of the Thirteenth Judicial District, who thereupon issued a warrant for his arrest, and he having been taken into custody and brought before the Judge, that officer proceeded to examine the witnesses on the part of the people and investigate the charge made against him. Walsh objected at the time against the authority of the District Judge to entertain the proceeding, and in support of his objection produced the proceedings already had before the Justice of the Peace, and claimed that their legal effect was to exempt him from any further preliminary examination in the premises. The Judge, however, overruled the objection, and, having proceeded with the examination, held Walsh to answer the charge, and ordered that he be committed in default of bail in the sum of $10,000, and under this order he is now imprisoned in the County Jail of Merced County, in default of bail.

Had the Justice of the Peace in the first instance regularly pursued the statute in all respects (Chap. 7, Crim. Prac. Act), examined the witnesses against Walsh, and proceeded in other respects in accordance with law, and thereupon held him to bail in a named sum, a question might have arisen as to the authority of the District Judge to renew the inquiry in this form, and in disregard of such proceedings thus regularly had before the Justice of the Peace.

As, under Section 103, the Justice of the Peace and the District Judge are alike constituted "Magistrates" for this

purpose, it might be argued that the proceedings of the one (when conducted pursuant to the statute and resulting in holding the accused to answer) necessarily ousted the authority of the other to proceed anew to investigate the same charge. But no such question properly arises here, and I express no opinion upon it; for in this case, as has been seen, no examination whatever of witnesses was, in fact, had before the Justice of the Peace. Walsh was dealt with simply upon his own *waiver of an examination*. The statute provides that after the witnesses for the people shall have been examined, the defendant may *waive his right to make a statement* in relation to the charge against him, but it does not provide for, or contemplate a total waiver of *any examination* whatever into the charge made against him in the first instance. An inquiry to some extent, at least, would seem to be required for purposes of public justice.

It may be that a commitment and a bond given pursuant thereto, without any examination in fact had, would not be absolutely void; but even if this be so, it does not follow that such commitment and bond would constitute a bar to any other or further examination into the charge by another magistrate, upon proper application to him for that purpose.

It would seem, indeed, that, in dealing with the higher grade of felonies at least, the judicial conscience of the magistrate holding the inquiry ought, in some legal way, to be informed of the circumstances attending the commission of the alleged crime before he could properly determine what amount of bail would probably secure the attendance of the accused to answer the charge—which is the object to be attained by the preliminary examination.

Of course no blame can be imputed to the Justice of the Peace acting in this instance, for in proceeding upon the waiver of the accused he only pursued a course of practice which has become somewhat general in this State; but it is a practice which, I think, is not authorized by the statute, and ought not to be encouraged, because it is liable to abuse; and where that course is adopted, it should not be held to preclude a second examination, when such second

examination is instituted and conducted according to the statutory requirements.

It is ordered that the writ be discharged and the petitioner remanded, and that the Clerk of the Supreme Court transmit to the Sheriff of the County of Merced a certified copy of this order.