TYLER, P. J.
 

 Petition for
 
 habeas corpus.
 
 It appears therefrom that petitioner was charged with the crime of forgery. The complaint was filed in the police court of the city and county of San Francisco. The matter came on regularly for hearing, petitioner being represented by counsel. He waived a preliminary examination and the judge of said court, sitting as a committing magistrate, held him to answer. It is claimed that the commitment is void for the reason that a preliminary examination is made mandatory by constitutional provision, and the privilege cannot be waived by an accused. The constitutional provision invoked reads as follows: “Offenses heretofore required to be prosecuted by indictment shall be - prosecuted by information, after examination and commitment by a magistrate, or by indictment with or without examination and commitment, as may be prescribed by law” (Cal. Const., art. I, sec. 8). As originally enacted the provisions of the Penal Code regulating proceedings in criminal cases contained no provision that such an examination could be waived. In construing these provisions it has been held that as they contemplated an examination by the committing magistrate, a waiver thereof was not warranted. (See
 
 Ex parte Walsh,
 
 39 Cal. 705;
 
 Kalloch
 
 v.
 
 Superior Court,
 
 56 Cal. 229;
 
 People
 
 v.
 
 McCurdy,
 
 68 Cal. 579 [10 Pac. 207].) In 1923, however, the legislature amended these provisions so as to allow an accused, when represented by counsel, to waive Ms rigM to a preliminary examination before a magistrate and when so waived to permit the magistrate to hold him to answer (Pen. Code, sec. 860). Petitioner claims that this section contravenes the provisions of the state constitution above referred to, and is, therefore, unconstitutional. There is no merit in the contention. The legislature has power to regulate procedure in criminal cases, and a provision for waiver of a preliminary examination by an accused is not an infringement of the constitutional right invoked. The guaranty extended by the organic law is not, therefore, imperative, it being one for the benefit of an accused to insure him his security, and while he.has a clear right to insist upon a compliance with the provision, he just as clearly has the right to waive it under statutory authorization. By regularly waiving such examination he is estopped to claim a discharge because none was held (16 Cor. Jur., p. 318). We are cited to the case of
 
 People
 
 v.
 
 Bomar, 73
 
 Cal. App. 372 [238 Pac. 758], as opposing this conclusion. In that case a preliminary examination was had, and the accused was held for trial for the crime of which he was charged. Thereafter the committing magistrate amended his commitment by holding the defendant for an entirely different offense and it was held that the accused was entitled to a preliminary examination upon the charge for which he was held. There is nothing in the decision that in any manner indicates that an accused may not waive the requirement in question.
 

 Writ discharged and petitioner remanded.
 

 Knight, J., and Cashin, J., concurred.