[Crim. No. 3343. Third Dist. Feb. 19, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES PRINCE WHITE, Defendant and Appellant.

James Prince White, in pro. per., and S. Carter McMorris for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Nat. A. Agliano, Deputy Attorney General, for Plaintiff and Respondent.

FRIEDMAN, J.—Following a proceeding before a committing magistrate, defendant was bound over to the superior

court for trial on a charge of second degree burglary. An information was filed. Being at liberty on bail, he appeared before the superior court for arraignment at 10 o'clock on a particular morning. The court told him that he was entitled to an attorney and that if he had no funds of his own the court would employ an attorney for him. Defendant responded that he did not wish an attorney and stated, ''I want to plead guilty and have a trial now.'' He was told that if he pleaded guilty no trial would take place. After some discussion with the court and the district attorney, defendant indicated that he would enter a not guilty plea; that he would waive jury trial; that he wished an immediate trial; and that when he returned for trial he would withdraw his not guilty plea and enter a plea of guilty. With the concurrence of the district attorney the trial was set for that afternoon. A copy of the information was handed to defendant and he was otherwise duly arraigned. Asked for his plea, he said, ''Not guilty until 2 o'clock,'' and left the court.

He returned that afternoon at which time the case was called for trial. Defendant then stated that he wished to withdraw his plea of not guilty and enter a plea of guilty, which was done. The court then referred the matter to the probation officer and fixed a date five days hence for hearing and judgment.

 When defendant appeared five days later, the trial judge stated that he had examined the file and noted that defendant had appeared before the magistrate in the justice court without an attorney and had waived the preliminary examination. The judge informed defendant that the law does not permit waiver of a preliminary examination unless the accused is represented by counsel. Because of this irregularity, the court appointed an attorney to consult with defendant and suggested that in view of the defective proceeding in the justice court, defendant might wish to make a motion. After a discussion with defendant the attorney requested a week's continuance, which was granted, in order to provide defendant an opportunity for further discussion with the same or possibly another attorney. Approximately a week later, the case was called again. At that time the attorney designated by the court appeared with defendant and informed the court that defendant had been advised of his rights and that he did not wish to make a motion to set aside the information under section 995 of the Penal Code. Upon

questioning by the court, defendant admitted that he had committed the offense charged and had been arrested while in the act of burglarizing a grocery store. He was arraigned for judgment and judgment of imprisonment was pronounced.

He now appeals. Primarily he contends that the requirements of representation by counsel upon a waiver of preliminary examination before a committing magistrate is a fundamental constitutional right, which could not be waived; that he has been deprived of due process of law in violation of the Fourteenth Amendment to the federal Constitution; that the superior court was without jurisdiction to proceed against him.

Unless represented by counsel a felony defendant who appears before a committing magistrate may not enter a plea of guilty (Cal. Const., art I, § 8; Pen. Code, § 859a), nor may he waive a preliminary examination (Pen. Code, § 860). The committing magistrate in this case accepted defendant White's waiver of preliminary examination and bound him over to the superior court in violation of this mandate. The violation would have been undiscovered except for the care of the trial judge who, in meticulous regard for the accused, appointed counsel to represent him even though the accused had already confessed his guilt of the charge.

Penal Code section 995 permits a defendant to attack an illegal commitment by a motion to set aside the information. Penal Code section 996 provides that if such a motion is not made, the defendant is thereafter precluded from making the objection. In this case the trial court distinctly offered to entertain a motion under section 995 and appointed counsel to consult with defendant to determine whether such a motion should be made. After consulting with the attorney, after receiving a week of continued liberty in which to consult with the same or another attorney, defendant stood in open court while the attorney stated that he, defendant, had been fully advised and did not wish to make such a motion. In the absence of some overweening constitutional or jurisdictional demand, there was a knowing, conscious waiver of a conceded right and Penal Code section 996 would now preclude any further objection. (*In re Berry,* 43 Cal.2d 838, 844 [279 P.2d 18]; *People* v. *Gilliam,* 39 Cal.2d 235, 241 [246 P.2d 31]; *In re Tedford,* 31 Cal.2d 693, 694-695 [192 P.2d 3].)

The prohibition against a guilty plea before a committing magistrate on the part of a defendant not represented

by counsel is constitutional. (Cal. Const., art. I, § 8.) The ban against a waiver of preliminary hearing by a defendant without counsel stems from Penal Code section 860. (See *In re Gregory*, 86 Cal.App. 10 [260 P. 320].) Regardless of derivation, constitutional or statutory, both are substantial rights. Preliminary examinations of persons accused of felonies must be held in accordance with procedures established by law; if the magistrate disregards these rights the resulting commitment is unlawful. (*People* v. *Elliot*, 54 Cal.2d 498, 503 [6 Cal.Rptr. 753, 354 P.2d 225].)

Defendant's claim of violation of the Fourteenth Amendment has no merit. ▮ Preliminary examinations in felony cases are a creation of state law; there is no federally protected right to representation by counsel at a preliminary examination. (*Odell* v. *Burke*, 281 F.2d 782, cert. denied; 364 U.S. 875 [81 S.Ct. 119, 5 L.Ed.2d 96].) ▮ The concept of due process does not incorporate the procedures prescribed by state Constitution and statute. (*Hebert* v. *Louisiana*, 272 U.S. 312 [47 S.Ct. 103, 71 L.Ed. 270, 48 A.L.R. 1102]; *People* v. *Hickman*, 204 Cal. 470, 478 [268 P. 909, 270 P. 1117].) The solicitude defendant received in the superior court; the tender of counsel; his deliberate rejection of counsel in the light of his stated desire to plead guilty; the independent inquiries of the trial judge which revealed the defective preliminary examination; the appointment of counsel to explore the advisability of a motion under section 995; the allowance of time for consultation and decision—all these factors demonstrate that defendant received more than the full measure of protective services required by the concept of due process.

The case is unlike *In re James*, 38 Cal.2d 302 [240 P.2d 596] and *McCarthy* v. *Superior Court*, 162 Cal.App.2d 755 [328 P.2d 819]. There is no contention here that defendant was not advised of his right to counsel before the magistrate. Nor, in distinction to the *James* case, did the trial judge neglect to advise defendant of his right to counsel before receiving his plea of guilty.

Defendant's assertion of ''unwaivable'' rights guaranteed by state law runs counter to established law. ▮ When a defendant comes before the superior court, he must maintain his objection to an illegal commitment; if he does so, a judgment of conviction will be reversed on appeal; he cannot, however, ignore such errors past the point of conviction and raise them for the first time on appeal. (*People* v. *Elliot*, 54 Cal. 2d 498, 503-505 [6 Cal.Rptr. 753, 354 P.2d 225].) ▮ His

commitment is not void but voidable; the superior court does have jurisdiction, but it is a jurisdiction which may be ousted by simple resort to the statutory motion to set aside the information. (*People* v. *Elliot, supra*, at p. 503.) ▮ If he indulges in an informed and deliberate failure to make such a motion, the defect in the proceedings is waived. (Pen. Code, § 996; *In re Berry*, 43 Cal.2d 838, 844 [279 P.2d 18].)

Defendant filed briefs in propria persona here, then a supplemental brief by counsel. In his own briefs defendant complains that the court-designated attorney did not fully advise him and that he himself was not aware of the beneficial provisions of section 995. ▮ The right to counsel includes qualitative elements which are not satisfied by mechanical adherence to forms. It is a right to effective assistance. (*Glasser* v. *United States*, 315 U.S. 60 [62 S.Ct. 457, 86 L.Ed. 680]; *People* v. *Lanigan*, 22 Cal.2d 569 [140 P.2d 24, 148 A.L.R. 176].) A court-appointed attorney's failure to provide adequate representation may be tantamount to no representation at all. In this case there was no failure on the attorney's part. ▮ A successful motion to set aside the information under Penal Code section 995 would not have barred defendant's further prosecution for the same offense. (Pen. Code, § 999; *People* v. *Ferrera*, 149 Cal.App.2d 850 [309 P.2d 533].) Defendant had already admitted his guilt in open court; if the attorney had successfully moved to set aside the information, there would have been a second preliminary examination followed by the filing of a new information, with the eventual result that defendant would have found himself slightly older but in exactly the same predicament. The attorney gave away nothing of value.

There are no other contentions which merit discussion. The judgment is affirmed.

Pierce, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 17, 1963.