[Crim. No. 3595.   Third Dist.   Sept. 15, 1964.]

THE PEOPLE, Plaintiff and Appellant, v. THOMAS
EDWARD CONNOR, Defendant and Respondent.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant
Attorney General, and Edward Hinz, Deputy Attorney General, for Plaintiff and Appellant.

Clifford R. Lewis for Defendant and Respondent.

PIERCE, P. J.—In a complaint filed in the Justice Court for the Auburn Judicial District, Placer County, defendant was charged with a violation of Penal Code section 496 (receiving stolen property—a felony). He appeared before the committing magistrate *with counsel,* was duly arraigned and advised of his constitutional rights. He waived preliminary examination personally, and his attorney joined therein. The magistrate then bound him over to the superior court. Thereafter the district attorney filed an information accusing defendant, and the latter appeared with counsel before the superior court for arraignment on the information. The trial court, questioning the validity of the waiver and proceedings taken without preliminary hearing, interrupted the proceedings at this point and asked both prosecuting and defense counsel to submit points and authorities. Defense counsel then stated: ''I think we are both seeking the same ruling by the court, your honor. One set of points and authorities should be satisfactory. I don't think there is any argument between the prosecution and the defense concerning the right to waive the preliminary.'' After authorities had been submitted the court remained unconvinced and ordered that the information be set aside and that defendant be remanded to the jurisdiction of the Justice Court for the Auburn Judicial District. The order made is one from which the state may appeal (Pen. Code, § 1238, subd. 1) and this appeal followed. On the appeal, defendant's counsel has filed a letter stating, in part, as follows: ''Since we and the District Attorney are in accord as to the propriety of our waiver, we will join in the brief of the Appellant.''

The waiver of the preliminary hearing, the order of the committing magistrate binding defendant over to the superior court, and the filing of the information by the district attorney in that court, were all proceedings taken in exact accordance with that portion of Penal Code section 860 which, after providing for a preliminary hearing following appearance of counsel, states: ''[P]rovided, however, that a defendant represented by counsel may when brought before the magistrate as provided in section 858 or at any time subsequent thereto, waive his right to an examination before such magistrate, and thereupon it shall be the duty of the magistrate to make an order holding the defendant to answer, and it shall be the duty of the district attorney within fifteen days thereafter, to file in the superior court of the county in which the

offense is triable the information; provided, further, however, that nothing contained herein shall prevent the district attorney nor the magistrate from requiring that an examination be held as provided in this chapter."

It appears the trial judge took the position that the quoted portion of said section 860 (which was added to the section in 1923 (Stats. 1923, ch. 439, p. 1018)) was repealed by implication by Penal Code section 738, added to the Penal Code in 1951 (Stats. 1951, ch. 1674). This section reads:

"Before an information is filed there must be a preliminary examination of the case against the defendant and an order holding him to answer made under section 872. The proceeding for a preliminary examination must be commenced by written complaint, as provided elsewhere in this code."

We cannot agree with the trial court's position ▮ A repeal by implication although sometimes possible is looked upon with disfavor and there is a presumption against such a repeal. (45 Cal.Jur.2d, Statutes, §§ 77-79, and cases cited, pp. 596-598.) ▮ " 'To overcome the presumption the two acts must be irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation. The courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together.' " (*California Drive-in Restaurant Assn.* v. *Clark*, 22 Cal.2d 287, 292 [140 P.2d 657, 147 A.L.R. 1028]; see also *City of Oakland* v. *Hogan*, 41 Cal.App.2d 333, 356 [106 P.2d 987].) ▮ We find no irreconcilable inconsistencies between Penal Code section 860 and Penal Code section 738. On the contrary the latter is but a codification, with some elaboration, of the California Constitutional provision (art. I, § 8) enacted in 1879, which states: "Offenses heretofore required to be prosecuted by indictment shall be prosecuted by information, *after examination and commitment by a Magistrate*, or by an indictment, . . ." (Italics added.) In *In re Gregory*, 86 Cal.App. 10 [260 P. 320], it was contended that under the constitutional provision just quoted a preliminary examination was mandatory and "unwaivable." The court held, however, that the amendment to Penal Code section 860 in 1923, adding the provision for waiver, was not hostile to, nor an infringement of, the constitutional right. Since the waiver provision of section 860 is not inharmonious with the constitutional guaranty of a preliminary hearing, then neither is it inconsistent with section 738 which, as stated, is a codification of the constitutional provision.

The facts in *People* v. *White,* 213 Cal.App.2d 171 [28 Cal. Rptr. 656], decided by this court in February 1963, are not unlike those in the case at bench. There, after a guilty plea and reference to the probation officer for report, the superior court had ascertained that defendant had waived a preliminary hearing without being represented by counsel. An attorney had then been appointed for defendant and a continuance granted. On the date of the continued hearing defendant appeared with counsel and the court was advised defendant did not wish to move to set aside the information. He renewed his guilty plea and was sentenced. On appeal defendant urged that the constitutionally guaranteed right of a defendant to a preliminary hearing could not be waived. Disallowing this contention, we held (per Friedman, J.) on page 175:

"Defendant's claim of violation of the Fourteenth Amendment has no merit. Preliminary examinations in felony cases are a creation of state law; . . . The concept of due process does not incorporate the procedures prescribed by state Constitution and statute. [Citations.] . . .

"Defendant's assertion of 'unwaivable' rights guaranteed by state law runs counter to established law. . . ."

*People* v. *White, supra,* does not discuss the question raised here (repeal by implication). That question was not raised. Nevertheless, the decision is a square holding that the right to a preliminary hearing is a personal right which, without violence to any constitutional guaranty, can be waived and which the laws in existence when the case was decided (and still in effect) authorized to be waived.

There is another reason why the theory of repeal by implication cannot be sustained. Penal Code section 860 was amended in 1963 (Stats. 1963, ch. 1174). The amendments, unrelated to the discussion here, were substantial. The provision quoted above authorizing a waiver of the preliminary examination by a defendant represented by counsel was left unchanged. The fact that the Legislature saw fit effectually to re-enact this provision which had been twice court-construed (in *In re Gregory, supra,* and in *People* v. *White, supra*) raises an inference that its retention of the waiver provision was not inadvertent and that it did not consider Penal Code section 738 to constitute a repeal by implication. (45 Cal.Jur.2d, Statutes, § 124, p. 633; and see cases there cited, fn. 16.)

The order appealed from is reversed and the case remanded for arraignment and plea to the information filed and further proceedings in the superior court as may be indicated after such plea.

Friedman, J., and Van Dyke, J.,* concurred.

* Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.