[Crim. No. 9570. Second Dist., Div. Three. April 2, 1964]

THE PEOPLE, Plaintiff and Appellant, v. VINCENT B.
FRANKS et al., Defendants and Respondents.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant
City Attorney, and William E. Doran, Deputy City Attor-
ney, for Plaintiff and Appellant.

Walter L. Gordon, Jr., for Defendants and Respondents.

FILES, J.—■■The question is whether the subject of gambling has been preempted by the state to the extent that sections 43.13.1 and 43.13.2 of the Los Angeles Municipal Code are invalid. This court has concluded that there is pre-emption.

The record here comprises four separate cases in which the defendants were charged, in substance, as follows:

Count I: Violation of section 43.13.2 of the Los Angeles Municipal Code in that defendants "did wilfully and unlaw-fully and knowingly visit, frequent, and be present at and within a house, room, apartment, stand and place used in whole and in part as a gambling house, and at a place where a game was being played, conducted, dealt and carried on with cards, dice, and other device for money, checks, chips, credit, pennants, cigars, candy, merchandise, and other valu-able things, and representative of value."

Count II: Violation of section 43.13.1 of the Los Angeles Municipal Code in that defendants "did wilfully and unlaw-fully resort to, attend, and be in a house, room, and other place where there was a gambling device, gambling equip-ment and gambling paraphernalia, which place was barred, barricaded, built, and protected in such a manner as to make ingress and access difficult to police officers."

The municipal court dismissed each complaint and the People appealed. The appellate department of the superior court heard the four cases together, affirmed the judgments, and certified all of the cases to the District Court of Appeal, along with *People* v. *Cole, post,* p. 125 [37 Cal.Rptr. 798] (de-cided this day). Pursuant to rule 62 of the California Rules of Court, this court ordered the cases transferred to it.

The ordinances involved here reflect the city's attempt to suppress certain forms of gambling. The criminal aspects of gambling with cards, dice and other devices and parapherna-lia are the subject of several portions of the Penal Code. Section 318 provides that whoever prevails upon any person to visit a place kept for gambling shall be punished. Section 273f prohibits sending a minor under the age of 18 to a gambling house. All of chapter 9 of title 9, part I of the Penal Code (§§ 319-326) deals with lotteries. Chapter 10, en-titled "Gaming," particularly sections 330 through 337a, prohibits several kinds of gambling and related activities. The Supreme Court has decided that in view of Penal Code, section 337a, the state has preempted the subject of wagering on horse races. (*In re Loretizo,* 59 Cal.2d 445 [30 Cal.Rptr. 16, 380 P.2d 656].) The same reasoning compels the same

conclusion with respect to the subject matter of the cases now before this court.

 The state laws pertaining to gambling do not forbid the conduct charged as criminal under the city ordinances: being present at a place used as a gambling house and attending a place where there is gambling paraphernalia. This omission in the state statutes does not save the city ordinances. ''A local municipal ordinance is invalid if it attemps to impose additional requirements in a field that is preempted by the general law.'' (*In re Lane*, 58 Cal.2d 99, 102 [22 Cal.Rptr. 857, 372 P.2d 897].)

The judgments are affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 27, 1964.