[Crim. No. 9571.   Second Dist., Div. Three.   April 2, 1964.]

THE PEOPLE, Plaintiff and Appellant, v. BILLY COLE, Defendant and Respondent.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney, for Plaintiff and Appellant.

Morgan M. Moten for Defendant and Respondent.

FILES, J.—■ The sole question presented is whether the suppression of lotteries is a subject which has been preempted by state law so as to render invalid section 43.08 of the Los Angeles Municipal Code. This court has concluded that there is preemption.

In the municipal court defendant was charged with violation of section 43.08 of the Los Angeles Municipal Code in that he "did wilfully and unlawfully have in his possession ... a book, tablet, ledger, account, bill paper, memorandum, list and record used and understood and intended to be used and to represent a record of a lottery, lottery company, and a lottery ticket, device and drawing had or to be had." The municipal court dismissed the complaint and the People appealed. The appellate department of the superior court affirmed, and on its own motion certified the case to the District Court of Appeal, along with four other cases involving other sections of the Municipal Code relating to gambling (*People* v. *Franks, ante, p.* 123 [37 Cal.Rptr. 800] decided this day), upon the ground that the transfer appeared necessary to settle an important question of law. Pursuant to rule 62 of the California Rules of Court, this court ordered the case transferred to it, not because of doubts that the decision was correct, but because of the importance of settling the question. Under the state Constitution (see sections 4d and 4e of article VI) the Supreme Court would have no opportunity to express its views on the issue unless the case were first transferred to the District Court of Appeal.

No extended discussion of the subject of preemption is necessary to reach a decision here. *In re Loretizo,* 59 Cal.2d 445 [30 Cal.Rptr. 16, 380 P.2d 656], appears to be a compel-

ling analogy. In that case the petitioner had been convicted of possession of a memorandum of bets on a horse race, in violation of section 43.12.1 of the Los Angeles Municipal Code. The Supreme Court ordered the petitioner discharged on habeas corpus because the state had adopted a general scheme for regulating the criminal aspects of wagering on horse races, to the exclusion of local regulation.

Turning to the subject of the present case, it appears that the state Constitution, article IV, section 26, declares: "The Legislature shall have no power to authorize lotteries or gift enterprises for any purpose and shall pass laws to prohibit the sale in this State of lottery or gift enterprise tickets or tickets in any scheme in the nature of a lottery." Chapter 9 of title 9 of part I of the Penal Code sets forth a number of activities pertaining to lotteries which are declared to be crimes. Penal Code, section 320, provides for punishment of a person who sets up or draws a lottery. Section 321 prohibits the sale of chances. Section 322 prohibits aiding by printing or advertising or otherwise in managing a lottery or disposing of shares. Section 323 deals with keeping an office or advertising an office for the sale or registering of lottery tickets. Section 324 has to do with persons who insure against the drawing of a ticket in a lottery. Section 325 provides for the forfeiture of money and property offered in violation of the provisions of that chapter of the code. Section 326 provides for punishment of any person who permits the use of a building or vessel for setting up, managing or drawing any lottery or for disposing of tickets. All of these sections were enacted in 1872 and, except for technical changes in the forfeiture section, have not been amended.

This portion of the Penal Code appears to amount to a system of regulation no less general and comprehensive than the regulation of wagering on horse races considered in the *Loretizo* case or the regulation of sexual behavior which the state has also preempted (*In re Lane*, 58 Cal.2d 99 [22 Cal. Rptr. 857, 372 P.2d 897]).

It does not appear that the state law has gone so far as the Los Angeles ordinance in prohibiting the possession of any written record of a lottery. But where the field has been preempted, the city may not make criminal those acts which the state has decided not to forbid and punish. The omission in the state statute may be interpreted to reflect an intention on the part of the Legislature to direct the criminal sanctions against those who promote lotteries

128

rather than to pursue the individual who comes into the possession of a single ticket. (Cf. *In re Lane, supra*; *Abbott* v. *City of Los Angeles*, 53 Cal.2d 674 [3 Cal.Rptr. 758, 349 P.2d 974, 82 A.L.R.2d 385].)

The City Attorney points out that *Ex parte McClain*, 134 Cal. 110 [66 P. 69, 86 Am.St.Rep. 243, 54 L.R.A. 779], upheld a conviction for possessing a lottery ticket in violation of a city ordinance, and this case has never been expressly overruled. The *McClain* decision sustained the ordinance as against the contention that it was an unreasonable regulation; but the opinion makes no mention of the subject of preemption. Under the circumstances it seems appropriate to apply the principle that a decision is not authority for a proposition not considered. (*Fricker* v. *Uddo & Taormina Co.*, 48 Cal.2d 696, 701 [312 P.2d 1085].)

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.