[Civ. No. 12565. Second Appellate District, Division One.—August 5, 1940.]

FRANK IRVINE, Respondent, v. STATE BOARD OF EQUALIZATION OF THE STATE OF CALIFORNIA, Appellant.

Earl Warren, Attorney-General, and Burdette J. Daniels, Deputy Attorney-General, for Appellant.

Robert W. Kenny and Morris E. Cohn for Respondent.

WHITE, J.—In October, 1939, petitioner, respondent herein, filed in the Superior Court of Los Angeles County a petition for a writ of mandate directed against the State Board of Equalization of the State of California, appellant herein. Subsequently an amended petition was filed wherein it was alleged that prior to August 10, 1939, the State Board of Equalization issued to petitioner a license authorizing him to sell alcoholic beverages at a cafe and restaurant owned and operated by him in the city of Los Angeles; that said license was issued to petitioner under the provisions of the act commonly known as the Alcoholic Beverage Control Act (Stats. 1935, p. 1123, as amended by Stats. 1937, p. 1934). The amended petition further averred that on August 16, 1939, the State Board of Equalization notified petitioner in writing that his said license was revoked and canceled. The notice of revocation recited that the cancellation of petitioner's license was made "under authority of Article XX, Section 22 of the Constitution of the State of California". It was further alleged in the amended petition that petitioner was at no time notified of any hearing in connection with said revocation of his license and that the same was revoked without his knowledge. Then follows the allegation that petitioner had complied with all the laws pertaining to the handling of alcoholic beverages in accordance with the provisions of the Alcoholic Beverage Control Act and had complied with the rules and regulations of the Board of Equalization; that at the time the board revoked said liquor license it made no findings of fact, and that no evidence was introduced or presented at said hearing; that the revocation of said liquor license was "without cause", and thereby constituted an abuse of discretion by said Board of Equalization. Petitioner further alleged that he had operated a restaurant in the city of Los Angeles for many years and had developed an extensive and valuable patronage, and that unless permitted to resume the sale of alcoholic beverages in his said restaurant he would suffer great and irreparable injury.

In its answer the State Board of Equalization admitted that petitioner's license was revoked without any notice to him or knowledge upon his part and without any hearing at which petitioner was present, but alleged that the board made an investigation prior to August 10, 1939, in order to determine whether or not petitioner's alcoholic beverage license should be revoked, and that from the facts found as a result of said investigation the board concluded and determined that the continuance of said alcoholic beverage license would be objectionable and contrary to public welfare and morals.

With the issues thus framed, the cause proceeded to trial, following which the court in substance found that there was "no substantial or sufficient evidence before respondent board to warrant the revocation of petitioner's liquor license", and further, "that petitioner was at no time notified of any hearing in connection with said alleged revocation of said license, and was at no time notified of any charges or alleged charges against him. That . . . said license was revoked by respondent board without petitioner's knowledge and without any trial or hearing whatsoever"; and accordingly, the court ordered a peremptory writ of mandate to issue, commanding the Board of Equalization to "forthwith reinstate the liquor license authorizing petitioner herein to sell alcoholic beverages" at his cafe and restaurant. From such judgment the State Board of Equalization prosecutes this appeal. Hereafter in this opinion petitioner will be referred to as the respondent and the Board of Equalization designated as the appellant.

As a first ground of appeal appellant claims that the discretion conferred upon it by section 22 of article XX of the state Constitution cannot be controlled by *mandamus* except to prevent an abuse thereof. The cited constitutional provision reads in part as follows:

" . . . The State Board of Equalization shall have the exclusive power to license the manufacture, importation and sale of intoxicating liquors, in this State, and to collect license fees or occupation taxes on account thereof, and shall have the power, in its discretion, to deny or revoke any specific liquor license if it shall determine for good cause that the granting or continuance of such license would be contrary to public welfare or morals. . . . "

The Alcoholic Beverage Control Act (secs. 40 and 41, Stats. 1935, chap. 330, p. 1123; Stats. 1937, pp. 2161, 2162; Deering's Gen. Laws, 1937, Act 3796) provides generally with reference to complaints made against a licensee, that:

"Sec. 40. Complaints may be made to the board by any person against any licensee. Complaints must be in writing and must state a violation of section 38e or one or more grounds which would authorize the board to suspend or revoke the license or licenses of the licensee against whom the complaint is made. . . .

"Sec. 41. The board shall cause written notice of the time and place of hearing the . . . complaint . . . to be given to the . . . licensee. . . .

"The hearing shall be set for a date not more than fifteen days nor less than five days subsequent to the mailing of the notice and shall be held in the county seat of the county in which the premises of the . . . licensee are located.

"Inclosed with a copy of the notice of the time and place of hearing sent to the . . . licensee shall be a copy of the . . . complaint as filed with the board."

The position of appellant board may be thus summarized: That because the constitutional provision (art. XX, sec. 22) does not provide for any notice and hearing as a prerequisite to revocation of a license, that when the Board of Equalization acts independently and not upon any verified complaint filed by "any person", no notice of such hearing is required, and the license may be revoked without notice to the licensee and without affording him an opportunity to be heard. We cannot agree with this contention. ▮ We are not unmindful of the rule that there is no inherent right in a citizen to sell intoxicants; that a license so to do is not a proprietary right within the meaning of the due process clause of the Constitution (Const., art. I, sec. 13) ; that such license is not a contract, but as characterized in *State Board of Equalization* v. *Superior Court,* 5 Cal. App. (2d) 374, 377 [42 Pac. (2d) 1076], is "but a permit to do what would otherwise be unlawful". Nevertheless, we cannot forget that the law contemplates justice, whether the license is granted as a privilege or recognized as a vested right; that under the American system of justice it is the policy of our law that a person should not be deprived even of a "permit" to engage in a legitimate business without a fair and impartial hearing

and without an opportunity to present competent evidence for consideration by the licensing authority in opposition to the proposed revocation of his permit. (*Martin* v. *Board of Supervisors*, 135 Cal. App. 96 [26 Pac. (2d) 843]; *Smith* v. *Foster*, 15 Fed. (2d) 115.)

We find no conflict between the provisions of the Alcoholic Beverage Control Act, *supra,* providing for notice and a hearing, and the constitutional provision conferring plenary jurisdiction upon the Board of Equalization to license and regulate the sale of intoxicants. The statutory provisions of the Alcoholic Beverage Control Act adopted by the legislature merely prescribe the procedure by which the board's jurisdiction is to be exercised. The sections of the Alcoholic Beverage Control Act involved herein merely regulate procedure and are not designed to, nor do they in any way, impair the constitutional power of the Board of Equalization, nor do they even remotely attempt to regulate or define what jurisdiction the board shall possess. That the legislature may prescribe the procedure by which jurisdiction is to be exercised has long been recognized. (*Wood* v. *Pendola,* 1 Cal. (2d) 435 [35 Pac. (2d) 526], and cases therein cited.) When legislative action prescribing a mode in which the board shall exercise its jurisdiction does not circumscribe the latter's powers as derived from the Constitution, such procedural legislation does no violence to the jurisdiction of the board, nor does it interfere with the broad discretion lodged in the board to control the issuance and cancellation of liquor licenses. It is only where the legislative action impairs the powers granted by the Constitution, or defeats the exercise of such powers, that it is without force or effect.

Appellant points out that when the legislature of 1937 amended subdivision 1 of section 40 of the Alcoholic Beverage Control Act by adding as ground for suspension or revocation of a liquor license "when the continuance of such license would be contrary to public welfare or morals . . . ", which is the identical language used in the constitutional amendment, the legislature at the same time inserted the following: " . . . but proceedings under section 40 upon this ground shall not be deemed a limitation upon the board's authority to proceed under Article XX, section 22, of the Constitution of this State." Such legislative action, argues appellant, indicates that the law-making body intended to

recognize the right of the board to revoke a license summarily and without notice or hearing when acting on its own motion. We do not so construe the legislative intent. We regard the inclusion of the last-mentioned quotation as an indication of the fact that the legislature did not intend the amendment as indicative of a purpose to impinge upon the right of the board to institute upon its own motion proceedings for the revocation of licenses, the continuance of which appeared to the board to contravene public welfare or morals, provided the procedural requirements contained in the statutory provisions were adhered to. The amendment merely gave to any person the right to initiate a proceeding for revocation or suspension of a license upon a ground theretofore reserved to the board. Surely it cannot be contended that there is one brand of justice for the licensee complained against by an individual and another for him whose right to a license is challenged by the board itself upon identical charges. The mere statement of such an anomalous situation would seem to answer the query. In the case of *State Board of Equalization* v. *Superior Court, supra,* relied upon by appellant, the question of legislative right to regulate merely procedure without diminishing the constitutional jurisdiction conferred upon the board, or attempting to regulate what jurisdiction it shall possess, was neither raised, considered, nor decided.

Appellant having admitted by its answer that it revoked respondent's license without either notice to him or a hearing, and therefore in violation of the statutes, the demurrer to the answer should have been sustained and the writ granted upon the pleadings.

By reason of the foregoing, other questions raised do not require discussion or consideration.

The judgment is affirmed.

York, P. J., concurred.

Doran, J., dissented.