[Civ. No. 28440.   Second Dist., Div. Four.   Mar. 22, 1966.]

THE ROBILLWAYNE CORPORATION et al., Plaintiffs and Respondents, v. CITY OF LOS ANGELES, Defendant and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones and Marcus E. Crahan, Jr., Assistant City Attorneys, and Jack L. Wells, Deputy City Attorney, for Defendant and Appellant.

Ball, Hunt & Hart and Harman Hitt for Plaintiffs and Respondents.

FILES, P. J.—This appeal is from a judgment declaring that those portions of the Los Angeles Municipal Code which call for the licensing of a "Public Solicitor" are unenforceable against the plaintiffs for the reason that a general law of the state, Business and Professions Code sections 7520 through 7583, has preempted the subject matter. Plaintiffs are a corporation licensed by the state as an insurance adjuster, the company manager who has qualified as such under the provisions of the state statute, and three other company employees. The city is the sole defendant.

The action was tried on plaintiffs' motion for a summary judgment. The motion was granted and judgment was entered declaring the law in plaintiffs' favor and dismissing defend-

ant's cross-complaint. The sole issue is the validity of the ordinance as applied to plaintiffs.

A "Public Solicitor," as defined in section 57.02.01 of the Los Angeles Municipal Code, is a person who solicits business for the adjustment of fire insurance claims.[1]

It is apparent from the face of the ordinance that the city has attempted to distinguish between the business of adjusting fire insurance claims and the business of soliciting adjustment business. The ordinance applies to the latter activity only. It requires every public solicitor to hold a city permit. (L.A.M.C. § 57.04.03.) An applicant for a permit must submit a comprehensive application in writing to demonstrate his trustworthiness and competency. (§ 57.04.05.) Each permittee must pay the city a fee of $100 per year (§ 57.04.12) and must submit to the fire department each month a written report showing the dates, times, and addresses of all solicitations made, and the names of persons solicited and those for whom adjustments were made. (§ 57.04.17.) Solicitation between the hours of 6 p.m. and 8 a.m. is forbidden (§ 57.04.17). The permit is subject to revocation upon a number of grounds stated in the ordinance (§ 57.03.11) and a violation of any of the terms of the ordinance is a misdemeanor, punishable by fine and imprisonment (§ 57.03.08).

Insurance adjusters are regulated by the Private Investigator and Adjuster Act of the State of California, found in division 3, chapter 11 of the Business and Professions Code (§§ 7500-7583).

An insurance adjuster is there defined as "a person . . . who, for any consideration whatsoever engages in business or accepts employment to furnish, or agrees to make, or makes, any investigation for the purpose of obtaining, information . . . in the course of adjusting or otherwise participating in the disposal of, any claim under or in connection with a policy of insurance." (Bus. & Prof. Code, § 7521, subds. (a), (d).)

---

[1] "Public Solicitor—Any person who engages in the business of soliciting business for the adjustment of any claim for loss or damage caused by fire when such loss is covered by a policy of fire insurance. This shall not include the furnishing or making any investigation for the purpose of obtaining information with reference to the cause or responsibility for fires, libels, losses, accidents or damage or injury to persons or to property resulting from fires in the course of adjusting or otherwise participating in the disposal of any claim under or in connection with a policy of insurance."

Adjusters are required to be licensed (§ 7520) ; the manager of an applicant is required to demonstrate his qualifications (§ 7529) ; and each employee of a licensee who does the work of an adjuster is required to be registered (§ 7544.10, 7544.16). Those seeking to become licensees, managers and registrants must submit written applications so that their qualifications may be judged by the licensing authority, who is the Director of Professional and Vocational Standards (§§ 7524-7528). Each licensee is required to file a bond in the sum of $2,000 con'ditioned for the faithful and honest conduct of his business (§ 7545). Licenses and registrations are subject to suspension or revocation for a variety of causes, including the commission of any act constituting dishonesty or fraud (§§ 7528, 7544.21, 7551).

The plaintiff corporation has its principal office in the City of Los Angeles and through the activities of the individual plaintiffs it carries on its business as an insurance adjuster there. Plaintiff Sidney Greenspan is its president and general manager. The other three plaintiffs are full-time employees of the corporation. Business is acquired for the corporation through solicitations made by these employed individuals. Each of the plaintiffs[2] is fully accredited to carry out his respective calling un'der the provisions of the State Private Investigator Act. The defendant city contends that the plaintiffs are unlawfully acting as "Public Solicitors," and by its cross-complaint, seeks an injunction prohibiting their solicitation of fire insurance adjustment business unless and until they have complied with the Municipal Code.

■ The applicable law is summarized as follows in *In re Lane*, 58 Cal.2d 99, 102-103 [22 Cal.Rptr. 857, 372 P.2d 897] : "A local municipal ordinance is invalid if it attempts to impose additional requirements in a field that is preempted by the general law. [Citations.]

■ "Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the entire control over whatever phases of the subject are covered by state legislation ceases as far as local legislation is concerned. [Citation.]

---

[2]Although the complaint alleges that all four of the individual plaintiffs are duly licensed employees of Robillwayne, engaging in solicitation on its behalf, the declaration in support of the motion for summary judgment omits any showing that one of them, Herbert Greenspan, holds a state license. Appellant makes no point of this, and we therefore assume the discrepancy was inadvertent, and of no consequence here.

■ ''In determining whether the Legislature intended to occupy a particular field to the exclusion of all local regulation, we may look to the 'whole purpose and scope of the legislative scheme' and are not required to find such an intent solely in the language used in the statute. [Citations.]''

■ Applying this standard we conclude that the local ordinance is invalid as applied to the activities of the plaintiffs. The state statute constitutes a general scheme for the regulation of the business of insurance adjusters, and we regard the solicitation of prospective clients by adjusters as an integral part of that business.

In a number of cases courts have held that state laws regulating and licensing various kinds of contractors in the construction business have preempted the field, to the extent that city ordinances, calling for additional licenses and imposing additional requirements, are invalid. For example: *Agnew* v. *City of Los Angeles,* 51 Cal.2d 1 [330 P.2d 385], holding invalid portions of the city's electrical code.

■ The city would distinguish cases such as the *Agnew* decision upon the ground that the city ordinance there would exclude a person from the business entirely, while here the city ordinance would merely prevent plaintiffs (while they lack a city license) from solicitation of prospective customers. This is not a sound distinction. The test is the breadth of the area which the Legislature sought to preempt by its own comprehensive scheme of regulation. We do not believe that the Private Investigator and Adjuster Act was intended to cover only the manner in which adjusters perform their services. The state statute also regulates the manner in which they sell their services.

Some indication of this is found in section 7542, which requires that every advertisement by a licensee shall contain his name and address as they appear in the records of the state bureau. Section 7540 forbids the use of a fictitious name without written authorization from the bureau. The statute specifically forbids certain kinds of deceptive practice, such as the use of a badge, the use of an alias, and the impersonation of an officer (§ 7538), which prohibitions would apply to the solicitation of business as well as to the investigation of fire losses. The statute provides for the revocation or suspension of licenses and registrations for the commission of any act constituting dishonesty or fraud (§§ 7528, 7544.21, 7551), and there is no reason to doubt that such discipline is applicable to

frauds committed in the solicitation of business. ▮▮ It is quite true that the state statute does not provide a system of regulation which is as restrictive as the city ordinance, but this does not justify municipal action in a preempted field. Presumably the Legislature would have adopted the more severe type of regulation had it deemed this to be necessary and proper.

In essence the city's argument is that soliciting clients for fire adjusters is a separate calling from investigating and adjusting fire losses. Perhaps they can be separate businesses, but not where, as here, the adjuster is soliciting for itself through its own full-time employees. It is unnecessary to decide now whether a solicitor who is not an adjuster or a full-time employee of a licensed adjuster may be subjected to city regulation. The judgment which is the subject of this appeal does not make any declaration on that subject.

▮▮ The Private Investigator and Adjuster Act shows on its face an awareness by the Legislature that it was preempting an area of regulation. Section 7523, enacted in 1947, provides that the provisions of this chapter shall not prevent a city or county from regulating and licensing any street patrol special officer or any person who furnishes street patrol service. In 1959 the Legislature added section 7523.1 which authorizes local authorities to regulate and license repossessors. Such statutory language strongly indicates the view of the Legislature that the regulation which it has imposed is the only regulation which is proper except with respect to the two types of licensees for whom it has authorized additional local licensing.

In support of our conclusion that the Legislature has intended to preempt the field of fire insurance adjusting (including solicitation by such adjusters) we note that there are sound reasons for placing this kind of regulation upon a statewide, rather than a municipal basis. There are in Los Angeles County 76 incorporated cities (California Roster, 1965, published by the Secretary of State, pp. 186-293). A business such as insurance adjusting renders its services in the field, or on the clients' premises (as distinguished from a merchant, for example, who operates entirely at a single location). There is no reason why most insurance adjusters would not wish to solicit clientele in several cities in the county and the adjacent metropolitan area. If regulation of such solicitation were a matter of municipal ordinance, on the Los Angeles pattern,

the annual license fees for countywide solicitation (76 times $100) would be prohibitive and the requirement of monthly reports oppressively burdensome. If each city dictated some of the language to be inserted in the contracts (as does Los Angeles) the drafting of agreements could become a most intricate problem. It is reasonable to assume that the Legislature enacted its statute for the purpose of eliminating such unnecessary confusion and expense.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.