[Civ. No. 23062. First Dist., Div. One. Nov. 9, 1966.]

DONALD STEWART, Plaintiff and Appellant, v. THE COUNTY OF SAN MATEO et al., Defendants and Respondents.

[Civ. No. 23457. First Dist., Div. One. Nov. 9, 1966.]

DONALD STEWART, Petitioner, v. THE MUNICIPAL COURT OF THE CENTRAL JUDICIAL DISTRICT OF SAN MATEO COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

(Consolidated Cases.)

Wesley A. Shields for Plaintiff and Appellant in No. 23062 and for Petitioner in No. 23457.

Keith C. Sorenson, District Attorney, and Ramon S. Lelli, Deputy District Attorney, for Defendants and Respondents in No. 23062 and for Respondent and Real Party in Interest in No. 23457.

MOLINARI, J.—These consolidated proceedings involve an appeal by plaintiff from a judgment in a declaratory relief action and a petition by plaintiff for a writ of prohibition.

The action for declaratory relief was brought to determine the validity of section 5620.8 of the San Mateo County Ordinance Code[1] (the "Ordinance") upon which defendant

---

[1]Section 5620.8 of the Ordinance provides as follows: "The sheriff shall revoke any permit issued hereunder when in his opinion the permittee is violating any of the provisions of this chapter or of the Private Investigator and Adjuster Act. In the event that any such permit is revoked by the sheriff an appeal may be taken to the Board of Supervisors within thirty days after the date of said denial or revocation. If such an appeal is taken it shall be by written notice of appeal, filed with the Clerk of the Board of Supervisors and served upon the sheriff by the permittee. The Board of Supervisors shall set a day for hearing the said appeal and shall designate the time and place where such hearing is to be held. A notice of said hearing shall be given the said permittee by the Clerk of the said Board of Supervisors for mailing the same to the last known address of said applicant or permittee not less than five days prior to the date set for said hearing. At any such hearing the permittee shall be given the opportunity to be heard and/or defend himself, and may call witnesses and present evidence on his behalf. The sheriff or his representative, shall attend the hearing. Upon conclusion of such hearing the board of supervisors shall sustain or overrule, by a majority vote, the decision of the Sheriff."

This section along with sections 5620.0 through 5620.7 comprise chapter 12 of the Ordinance, which chapter was added by Ordinance No. 1472, adopted August 8, 1961. Although plaintiff's complaint sought a declaration that the entire Ordinance, i.e., sections 5620.0-5620.8 of the Ordinance, was unconstitutional, it is apparent from his complaint, from the memoranda of points and authorities which he filed in the trial court, and from his brief on appeal that the thrust of his argument relates to the unconstitutionality of section 5620.8 of the Ordinance.

We describe in general terms the contents of sections 5620.0 through 5620.7 as follows: Sections 5620.0 and 5620.1 define the term "private patrol" and make it unlawful to conduct the business of a private patrol in the County without first obtaining a permit to do so; section 5620.2 requires the making of a written application in order to obtain a permit, specifies the information which must be contained in such an application,

Sheriff of San Mateo County (the "Sheriff") and defendant Board of Supervisors (the "Board") relied in revoking the permit which San Mateo County (the "County") had issued to plaintiff to operate a private patrol service in said County. Plaintiff appeals from the judgment of the trial court determining that the revocation proceedings held by the County pursuant to this section of the Ordinance were regular and proper, ordering that the County's revocation of plaintiff's permit be sustained and vacating the previous order of the trial court staying the effect of the revocation proceedings pending final determination of the action. By his petition for a writ of prohibition plaintiff seeks to restrain the municipal court from proceeding further in a criminal action brought against him upon a complaint alleging that he violated the Ordinance by operating his private patrol service from May 29, 1965 through June 30, 1965.

## Questions Presented

1. Is Business and Professions Code section 7523,[2] which allows local regulation of private patrol operators, an unconstitutional delegation of state legislative authority?

2. Has the State of California, by virtue of its enactment of the Private Investigator and Adjuster Act (§§ 7500 et seq.), preempted the field of disciplinary action with respect to private patrol operators so as to make unlawful a local ordinance which provides for revocation of a private patrol operator's permit to operate his business in the County?

3. Is the permit revocation procedure provided for in section 5620.8 of the Ordinance in violation of procedural due process under either the federal or state Constitution?

4. Is plaintiff entitled to a writ of prohibition to restrain the municipal court from proceeding further in a criminal action based upon plaintiff's failure to cease operation of his

---

and provides that the Sheriff, upon receipt of an application, shall conduct an investigation as to the character and morals of the applicant and shall thereafter transfer the application, together with his recommendation as to whether or not it should be granted, to the Board; sections 5620.3 and 5620.4 provide for a noticed hearing on the application by the Board and for the issuance of a permit in the event the application is granted by the Board; section 5620.5 requires employees of private patrol service operators to register with the Sheriff; section 5620.6 provides for the nontransferability of a permit; and section 5620.7 prohibits certain conduct on the part of a private patrol service operator, for example, the use of official titles or badges or similar subterfuges.

[2]Unless otherwise indicated, all statutory references hereinafter are to the Business and Professions Code.

private patrol service in the County following the revocation of his permit?

## Statement of Facts

The facts, as stipulated by the parties, are as follows: Prior to May 21, 1964 plaintiff was duly licensed by the State of California. pursuant to sections 7500 et seq., to conduct the business of a private patrol service in California. In addition, plaintiff possessed a permit issued by the County pursuant to section 5620.4 of the Ordinance to operate a private patrol business in the County. On May 21, 1964 the Sheriff notified plaintiff that pursuant to section 5620.8 of the Ordinance plaintiff's permit to operate his private patrol service in the County was revoked.[3] Plaintiff appealed the revocation of his permit to the Board on July 7, 1964, and after holding a hearing, the Board upheld the action of the Sheriff.

Additional facts relating to plaintiff's application for a writ of prohibition are as follows: On July 2, 1965 a criminal complaint was issued and filed against plaintiff in the Municipal Court, Central Judicial District, County of San Mateo. This complaint alleged that plaintiff, by operating his private patrol service during the period of May 29, 1965, through June 30, 1965, violated section 5628 of the Ordinance. On August 2, 1965, before entering any plea in the action, plaintiff demurred to the complaint on the ground that during the period of time of the alleged violation plaintiff had an appeal pending in the declaratory relief action, which action challenged the same Ordinance which he was charged with violating in the criminal action, and that therefore, pursuant to the provisions of Code of Civil Procedure section 946, an automatic writ of supersedeas had been in effect during the period

---

[3]We note in the clerk's transcript what appears to be a letter from the Sheriff to plaintiff informing him of the revocation of his permit on the grounds that plaintiff violated section 7538, subd. (g), in that from December 1963 to March 1964 he used and operated for his own personal use the residence and automobile entrusted to him by a client without the consent of the latter, and that he violated section 5620.7, subd. (d) of the Ordinance and the rule adopted by the Sheriff pursuant thereto in repeatedly failing to report to the Sheriff's office "unusual circumstances or incidents of a criminal nature" observed by plaintiff during the performance of his duties. Neither this letter nor the grounds stated therein were referred to in the stipulated facts submitted to the trial court, nor is there any indication in the record that this letter was introduced in evidence in the trial court or that it was considered by the court below. However, at oral argument it was conceded by the parties that this letter was considered by the trial court and that the grounds therein stated form the basis for the revocation of the permit in question.

of plaintiff's alleged violation of the Ordinance. On August 6, 1965 plaintiff's demurrer was overruled by the municipal court and the matter was continued to August 13, 1965 for the entering of a plea. Thereafter plaintiff sought a writ of prohibition in the superior court to enjoin the municipal court from proceeding further in the criminal action. Following a denial of the peremptory writ of prohibition by the superior court and a similar denial by this court of a writ of prohibition sought by plaintiff the Supreme Court issued the alternative writ of prohibition returnable before this court with directions that it be considered and determined with the appeal from the judgment in the aforementioned declaratory relief action.

### Alleged Unconstitutional Delegation of State Legislative Authority

Plaintiff claims that section 7523,[4] which allows local regulation of street patrol special officers, is an unconstitutional delegation of state legislative authority for the reason that it does not set forth a sufficiently definite standard to govern the exercise of power by the local government. Based on this argument plaintiff contends that chapter 12 of the Ordinance is invalid because enacted pursuant to an unlawful delegation of authority by the state. Specifically, plaintiff asserts that section 7523 provides an indefinite standard in the language allowing local government to refuse registration to any person of "bad moral character."

The fallacy in plaintiff's argument, however, lies in the fact that section 7523 is not a delegation of power to local government. This section merely preserves a grant of authority to local government which has been delegated by the California Constitution. Article XI, section 11 of the Constitution

---

[4]Section 7523 provides as follows: "The provisions of this chapter shall not prevent the local authorities of any city, county, or city and county, by ordinance and within the exercise of the police power of such city, county, or city and county from imposing local regulations upon any street patrol special officer or upon any person who furnishes street patrol service or street patrol special officer, requiring registration with an agency to be designated by the city, county, or city and county, including in such registration full information as to the identification and employment and subject to the right of the city, county, or city and county to allocate certain portions of the territory in such city, county, or city and county within which the activities of any street patrol service or person shall be confined. Any city, county, or city and county may refuse such registration to any person of bad moral character and may impose such reasonable additional requirements as are necessary to meet local needs and are not inconsistent with the provisions of this chapter."

specifically provides that "Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws." That the power of local government to regulate private patrol officers is clearly within the scope of police power delegated to local government by this provision of the Constitution is recognized in fact by the Legislature when it provided in section 7523 that local government may impose such regulations upon private patrol operators "*within the exercise of the police power. . . .*" (Italics added.) ▉ Accordingly, since the County's power to enact chapter 12 of the Ordinance was derived from the delegation of power to it under the California Constitution and not from the Legislature's enactment of section 7523, we need not consider whether the language of this section is unconstitutionally vague and indefinite.[5]

### Alleged Preemption

Plaintiff contends that section 5620.8 of the Ordinance is invalid because the state, by virtue of its enactment of the Private Investigator and Adjuster Act, has preempted the field of conducting disciplinary proceedings against state-licensed private patrol operators. Since we have already determined that regulation of private patrol operators is within the purview of local police power, the solution to plaintiff's contention rests in a determination of whether there is a "conflict" between the provisions of section 5620.8 of the Ordinance and general laws, as that term is used in article XI, section 11 of the California Constitution. ▉ While there are many situations in which local police power may operate on the same subject matter embraced in state legislation, local legislation is invalid if it attempts to impose additional requirements in a field that has been preempted by the general state law. (*In re Hubbard,* 62 Cal.2d 119, 124-125 [41 Cal. Rptr. 393, 396 P.2d 809]; *In re Loretizo,* 59 Cal.2d 445, 446 [30 Cal.Rptr. 16, 380 P.2d 656]; *Abbott* v. *City of Los*

---

[5]We point out that in *In re Hitchcock,* 34 Cal.App. 111 [166 P. 849], the matter of licensing and regulating a private patrol service was held to be properly within the police power of a city or county. We note, moreover, that a standard requiring a person to show that he is of good moral character or reputation has been held to be constitutionally sufficient. (See *Riley* v. *Chambers,* 181 Cal. 589, 594 [185 P. 855, 8 A.L.R. 418]; *In re Halck,* 215 Cal. 500, 503-504 [11 P.2d 389]; *In re McDonough,* 27 Cal.App.2d 155, 159-160 [80 P.2d 485]; 2 Cal.Jur. 2d, Administrative Law, § 53, p. 109.)

*Angeles,* 53 Cal.2d 674, 682 [3 Cal.Rptr. 158, 349 P.2d 974, 82 A.L.R.2d 385] ; *Agnew* v. *City of Los Angeles,* 51 Cal.2d 1, 5 [330 P.2d 385] ; *Pipoly* v. *Benson,* 20 Cal.2d 366, 370 [125 P.2d 482, 147 A.L.R. 515].) Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the entire control over whatever phases of the subject are conferred by state legislation ceases as far as local legislation is concerned. (*In re Loretizo, supra,* p. 446 ; *In re Moss,* 58 Cal.2d 117, 118 [23 Cal.Rptr. 361, 373 P.2d 475] ; *Pipoly* v. *Benson, supra,* p. 371.) Whether the Legislature intended to occupy a particular field to the exclusion of all local regulation is to be determined upon an analysis of the state legislation in terms of its language, purpose, and scope, and the facts and circumstances upon which it was intended to operate. (*In re Loretizo, supra,* p. 446; *Abbott* v. *City of Los Angeles, supra,* p. 682; *Tolman* v. *Underhill,* 39 Cal.2d 708, 712 [249 P.2d 280].) Where the statute contains language indicating that the Legislature did not intend its regulations to be exclusive, the general rule permitting additional supplementary local regulations has been applied. (*Pipoly* v. *Benson, supra,* p. 371, and cases cited therein; *Abbott* v. *City of Los Angeles, supra,* p. 683.) Conversely where the statute contains express provisions indicating that the Legislature intends its regulations to be exclusive within a certain field, local government may not legislate in that field. (*Pipoly* v. *Benson, supra,* pp. 371-372; *Abbott* v. *City of Los Angeles, supra,* p. 683.)

These principles govern our conclusion that the state has not preempted the field of regulating private patrol operators insofar as taking disciplinary action against them in the form of revocation of permission for them to conduct their business in a particular county or other local area. While the state, in the form of the Private Investigator and Adjuster Act, has enacted a comprehensive scheme of legislation relating to the licensing, registration, regulation and disciplining of private investigators, private patrol operators, insurance adjusters and repossessors in the state, section 7523 expressly provides that the regulatory provisions of this act are not intended to be exclusive insofar as they apply to street patrol special officers. (See *Robillwayne Corp.* v. *City of Los Angeles,* 241 Cal.App.2d 57, 62 [50 Cal.Rptr. 1].) Of particular importance in this section are the provisions which allow the local government to impose local regulations upon street patrol

special officers, to refuse local registration to any person of bad moral character, and to "impose such reasonable additional requirements as are necessary to meet local needs and are not inconsistent with the provisions of this chapter." Clearly by preserving in the local government the right to refuse registration to a private patrol operator, the Legislature must have intended that such registration, once given, could be taken away in the form of revocation of the private patrol operator's permit.

█ The power to license includes the power of revocation, and it is immaterial that the licensing ordinance contains no express provision permitting revocation. (*Vincent Petroleum Corp.* v. *Culver City,* 43 Cal.App.2d 511, 516-518 [111 P.2d 433]; *Sheehan* v. *Division of Motor Vehicles,* 140 Cal.App. 200, 203 [35 P.2d 359].) █ Moreover, since the areas of permissible local activity as to regulation of private patrol operators are so broadly stated in section 7523, it must be assumed that the Legislature intended to allow local government to adopt such means and methods as may be reasonably necessary to the proper exercise of its retained powers. (*Laurelle* v. *Bush,* 17 Cal.App. 409, 415-416 [119 P. 953]; *Ex parte McManus,* 151 Cal. 331, 335-337 [90 P. 702].) █ We conclude, therefore, that section 5620.8 of the Ordinance, to the extent that it allows revocation of a private patrol operator's permit to conduct business in the County, is not in conflict with general law and is therefore a valid local enactment.

### Procedural Due Process

Plaintiff contends that the permit revocation procedure provided for in section 5620.8 of the Ordinance contravenes federal and state requirements of due process in allowing the Sheriff to revoke a permit without a hearing. Before proceeding to discuss the constitutional issue raised by plaintiff we should first ascertain whether the subject Ordinance section can be construed so as to require a hearing before the Sheriff is entitled to revoke a permit. █ In viewing the Ordinance section for this purpose we are guided by the well-settled principle in California that because of reasons of justice and policy a statute, unless it expressly provides to the contrary, will be interpreted to require a hearing in license revocation proceedings where it contemplates a quasi-judicial determination by the administrative agency that there be cause for the revocation. (*Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260, 271

[246 P.2d 656] ; *DiGenova* v. *State Board of Education,* 45 Cal.2d 255, 259 [288 P.2d 862], and cases cited therein.)

 In the instant case, the subject Ordinance clearly requires cause for the revocation of a private patrol operator's permit, this cause being a violation of the provisions of chapter 12 of said Ordinance or the Private Investigator and Adjuster Act. Moreover, while the section does not expressly provide for a hearing prior to the revocation of the permit by the Sheriff, neither does it expressly provide that there shall be no hearing at this time. However, we consider ourselves precluded from construing the subject Ordinance section so as to require a hearing at this stage of the revocation proceedings for the reason that the section expressly provides for a hearing before the Board *after* the Sheriff has revoked the permit. Such inclusion in the same section of language expressly authorizing, if the permittee so desires, a noticed hearing by the Board following the Sheriff's decision coupled with language making no express provision for a hearing prior to the revocation of the permit by the Sheriff is clearly indicative of a legislative intent that no hearing is to be had prior to the Sheriff's determination. (See *DiGenova* v. *State Board of Education, supra,* pp. 259-260.)

Accordingly, as we construe section 5620.8 of the Ordinance it makes no provision for a hearing prior to the revocation of a private patrol operator's permit by the Sheriff but provides for a hearing before the Board following such revocation. While the section refers to such hearing as an "appeal" from the decision of the Sheriff, it nevertheless provides for a complete hearing before the Board with the opportunity afforded to the permittee to defend himself and to call witnesses and present evidence on his behalf. It is only upon the conclusion of this hearing that a determination is made by the Board as to whether the Sheriff's decision should be sustained or overruled. Accordingly, it is apparent that when a hearing is requested by the permittee as provided in the subject section, the Sheriff's decision to revoke the permit amounts to no more than a suspension of such permit pending the decision of the Board.[6]

 Turning to the question of whether section 5620.8 of the Ordinance, as so construed, violates due process, we note first that it is firmly established that the right of every person

------

[6]We point out that when the permittee does not request a hearing as provided in this section the decision of the Sheriff revoking the permit becomes final.

to engage in a legitimate employment, business or vocation is an individual freedom secured by the due process provision of the federal and state Constitutions. (*Brecheen* v. *Riley*, 187 Cal. 121, 124-125 [200 P. 1042]; *Bautista* v. *Jones*, 25 Cal.2d 746, 749 [155 P.2d 343]; *Doyle* v. *Board of Barber Examiners*, 219 Cal.App.2d 504, 509 [33 Cal.Rptr. 349]; *Hope* v. *Contractors' etc. Board*, 228 Cal.App.2d 414, 417 [39 Cal.Rptr. 514]; *Abrams* v. *Daugherty*, 60 Cal.App. 297, 301 [212 P. 942]; *Schware* v. *Board of Bar Examiners*, 353 U.S. 232, 238-239 [1 L.Ed.2d 796, 77 S.Ct. 752, 64 A.L.R.2d 288]; *Truax* v. *Raich*, 239 U.S. 33, 41 [60 L.Ed. 131, 36 S.Ct. 7].) ▮ Although this right is subject to the state's police power to subject individuals to reasonable regulation for the purpose of achieving governmental objectives such as public safety, health, morals and public welfare (*Doyle* v. *Board of Barber Examiners, supra*, p. 509; *Brecheen* v. *Riley, supra*, p. 124 ; *Berman* v. *Parker*, 348 U.S. 26, 32 [99 L.Ed. 27, 75 S.Ct. 98]; *Nebbia* v. *New York*, 291 U.S. 502, 523 [78 L.Ed. 940, 54 S.Ct. 505, 89 A.L.R. 1469]), it is an elemental and fundamental principle of law that the right to engage in a business or occupation cannot be taken away except by due process of law (*Trans-Oceanic Oil Corp.* v. *City of Santa Barbara*, 85 Cal.App.2d 776, 795-797 [194 P.2d 148]; *Irvine* v. *State Board of Equalization*, 40 Cal. App.2d 280, 284-285 [104 P.2d 847]; *Angelopulos* v. *Bottorff*, 76 Cal.App. 621, 625 [245 P. 447]; *Brecheen* v. *Riley, supra*, pp. 124-125; *Abrams* v. *Daugherty, supra*, p. 301). ▮ As stated in *Irvine*, ''we cannot forget that the law contemplates justice, whether the license is granted as a privilege or recognized as a vested right; that under the American system of justice it is the policy of our law that a person should not be deprived even of a 'permit' to engage in a legitimate business without a fair and impartial hearing and without an opportunity to present competent evidence for consideration by the licensing authority in opposition to the proposed revocation of his permit.'' (40 Cal.App.2d at pp. 284-285.) ▮ Accordingly, where the revocation proceedings are quasi-judicial in nature, due process of law requires an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked. (*Anderson Nat. Bank* v. *Luckett*, 321 U.S. 233, 246 [88 L.Ed. 692, 64 S.Ct. 599, 151 A.L.R. 824]; *Angelopulos* v. *Bottorff, supra*, p. 625; *Abrams* v. *Daugherty, supra*, p. 302; *Trans-Oceanic Oil Corp.* v. *City of Santa Barbara, supra*, p. 797; and see *County of San Mateo* v. *Palomar Holding Co.*, 208 Cal.

App.2d 194, 199-201 [24 Cal.Rptr. 905]; *United States Pipe & Foundry Co.* v. *Industrial Acc. Com.,* 201 Cal.App.2d 545, 552 [20 Cal.Rptr. 395].) ▮ Therefore, if there is lack of notice of a hearing or an absence of opportunity to appear before an officer, tribunal, board or agency exercising a judicial type determination, such defect constitutes a want of procedural due process. (*County of San Mateo* v. *Palomar Holding Co., supra,* p. 201; *Flaherty* v. *Board of Retirement,* 198 Cal.App. 2d 397, 409 [18 Cal.Rptr. 256]; *Estate of Hampton,* 55 Cal. App.2d 543, 562 [131 P.2d 565]; see *Rudolph* v. *Athletic Com.,* 177 Cal.App.2d 1, 12-13 [1 Cal.Rptr. 898]; *United States Pipe & Foundry Co.* v. *Industrial Acc. Com., supra,* p. 552; *Trans-Oceanic Oil Corp.* v. *Santa Barbara, supra,* p. 797; *Perini* v. *Perini,* 225 Cal.App.2d 399, 406-407 [37 Cal.Rptr. 354].)

While these principles, when considered alone, would lead us to the conclusion that in the instant case since section 5620.8 of the Ordinance requires cause for the revocation of a private patrol operator's permit and since the power to revoke a license for cause necessarily involves a quasi-judicial function (see *Rudolph* v. *Athletic Com., supra,* p. 7; *Covert* v. *State Board of Equalization,* 29 Cal.2d 125, 131 [173 P.2d 545]; *Weiss* v. *State Board of Equalization,* 40 Cal.2d 772, 775 [256 P.2d 1]), due process requires that a hearing be afforded the permittee before his permit may be revoked, defendants contend that since section 5620.8 of the Ordinance affords a hearing at some stage of the revocation proceeding a summary suspension or revocation by the Sheriff in the first instance does not offend due process. The principle of law upon which defendants rely in making this assertion is that which declares that the suspension or revocation of a license without a prior hearing, but subject to subsequent judicial review, does not violate due process where the action is justified by a compelling public interest. (See *Hough* v. *McCarthy,* 54 Cal.2d 273, 283-285 [5 Cal.Rptr. 668, 353 P.2d 276]; *Escobedo* v. *State of California,* 35 Cal.2d 870, 876-877 [222 P.2d 1]; *Bourjois, Inc.* v. *Chapman,* 301 U.S. 183, 189 [81 L.Ed. 1027, 57 S.Ct. 691]; *Yakus* v. *United States,* 321 U.S. 414, 442 [88 L.Ed. 834, 64 S.Ct. 660].) This procedure of summary action subject to later judicial review has been sanctioned in the following situations: (1) seizure and detention or destruction of dangerous property including instruments which can be used for illegal purposes (*Patrick* v. *Riley,* 209 Cal. 350, 354 [287 P. 455]; *Affonso Bros.* v. *Brock,* 29 Cal.App.2d 26, 32 [84 P.2d 515]; *State*

*Savings etc. Bank* v. *Anderson,* 165 Cal. 437, 440-441 [132 P. 755, L.R.A. 1915E 657]; *Lawton* v. *Steele,* 152 U.S. 133 [38 L.Ed. 385, 14 S.Ct. 499]; *Ewing* v. *Mytinger & Casselberry,* 339 U.S. 594 [94 L.Ed. 1088, 70 S.Ct. 870]); (2) summary suspension of a driver's license under Vehicle Code section 16080 for failure to deposit security after accident (*Escobedo* v. *State of California, supra,* p. 877); (3) summary suspension of a driver's license under the Vehicle Code upon a conviction for drunk driving (*Hough* v. *McCarthy, supra,* pp. 283-285; *Cook* v. *Bright,* 208 Cal.App.2d 98, 102-103 [25 Cal.Rptr. 116]); and (4) seizure of property of enemy alien in wartime (*Estate of Stagnaro,* 107 Cal.App.2d 98, 102 [236 P.2d 593]).[7] As pointed out in 39 California Law Review, "Two elements seem to be necessary to 'compelling public necessity': (1) urgency of immediate action, and (2) protection of the public from injury." (P. 126.)

Defendants argue that the revocation of a private patrol operator's permit to conduct business in the County is one of those situations which falls within the rule of "compelling public necessity." They point to the fact that the nature of the work performed by such persons bears "a very sensitive relationship to the public in the area they serve, as well as to their clientele"; that "they are private policemen, with many of the accoutrements of public officers, some of the prerogatives, and, often, with a great deal more intricate knowledge of the habits of their clients"; that "They are generally in a position to render great service, or great harm"; and that "If their conduct is questionable, and if facts come to the attention of those authorities charged with the responsibility of enforcing regulations governing the conduct of private patrols which would reasonably indicate a violation of those regulations, failure of those authorities to take immediate action might well endanger the safety and welfare of the community."

We think that defendants' argument has merit. The suspension of a private patrol operator's permit without a prior hearing by the Sheriff, but subject to a subsequent review and hearing by the Board, is reasonably justified by a compelling public interest as that term has been used in the cases allowing summary suspension. Section 7523 specifically provides that cities and counties may refuse a private

patrol operator's permit to any person of bad moral character and authorizes them to impose such reasonable additional requirements as are necessary to meet local needs. Pursuant to this express authorization San Mateo County has empowered the Sheriff to take applications for a private patrol operator's permit, to investigate the character and morals of the applicant, and to recommend to the Board whether or not such permit should be granted. If the Board grants the application following a hearing on said application the Sheriff must grant the permit. Upon the granting of the permit, the Sheriff is authorized to designate the territory in which the permittee may operate his business and to specify such other reasonable requirements as are necessary to local needs and not inconsistent with the provisions of the Private Investigator and Adjuster Act. (§ 5620.4 of the Ordinance.) In view of the authority granted by the Ordinance to the Sheriff with respect to private patrol operators, the authority to summarily suspend or revoke an operator's permit appears to us to be reasonable in the light of the sensitivity of the role of a private patrol officer.

Under the Ordinance a private patrol is defined as a service to protect persons or property or to prevent the theft, unlawful taking, loss, embezzlement, misappropriation or concealment of money, securities, or property of any kind (Ordinance § 5620.1) ; he must wear a badge and uniform approved by the Sheriff; and the Sheriff may deputize the private patrol officer for the purpose of carrying firearms (Ordinance § 5620.7, subd. (d)). Thus, a private patrol officer is impressed with the badge of reliability and trustworthiness because of his community responsibility in supplying protection to persons and property (see *People* v. *Melchor,* 237 Cal.App.2d 685, 692 [47 Cal.Rptr. 235]). Accordingly, in view of these duties and obligations, it appears reasonable for the County to provide that a permittee who violates the provisions of the Ordinance or the Private Investigator and Adjuster Act or who develops traits of character so as to make his service incompatible with his duties and responsibilities as a private patrol operator or officer should be relieved of his duties and responsibilities as soon as possible. We are persuaded that because the role of a private patrol officer is akin to that of peace officers it bears a sensitive relationship to the public interest. This interest is better served when the summary suspension of a patrol officer's license is left in the first instance to the judgment of the Sheriff since a delay in the proceedings awaiting a hearing

before any suspension could be invoked might well allow a dangerous or incompetent patrol officer to perform the function of his occupation with impunity. We are satisfied, therefore, that the instances of arbitrary or unfounded action on the part of the Sheriff, if any, will be few and will be greatly outweighed by those instances which call for immediate action in order to protect the public from injury. Accordingly, the suspension or revocation of a private patrol operator's permit under Ordinance section 5620.8 without a prior hearing, but subject to a subsequent quasi-judicial review and hearing before the Board, fits, in our opinion, within the framework of the doctrine of ''compelling public necessity.''

In addition to arguing that the permit revocation procedure provided for in section 5620.8 of the Ordinance contravenes federal and state due process requirements, plaintiff also contends that the revocation procedure under this section does not comply with the California Administrative Procedure Act. However, we are aware of no law requiring local agencies to comply with this act in conducting their hearings nor has plaintiff cited any cases making this act applicable to local agencies hearing questions of revocation of private patrol operator permits. Accordingly, this contention is without merit.

In view of the foregoing we conclude that the subject Ordinance, insofar as it purports to provide for a summary suspension or revocation of a private patrol operator's permit by the Sheriff, does not contravene federal and state requirements of procedural due process. Since no contention is made that plaintiff was deprived of an adequate and full hearing before the Board, the decision of that body upholding the prior decision of the Sheriff must be sustained.

### Writ of Prohibition

From our conclusion that the revocation of plaintiff's permit was valid, he may be prosecuted criminally in the municipal court on the charge that he conducted a patrol service without a permit since such conduct is proscribed and made a misdemeanor under section 5628 of the Ordinance.

The judgment in action No. 23062 is affirmed; the peremptory writ of prohibition in action No. 23457 is denied; and the alternative writ of prohibition is discharged.

Sullivan, P. J., and Sims, J., concurred.

The application of plaintiff and appellant, and of petitioner, for a hearing by the Supreme Court was denied January 4, 1967. Sullivan, J., did not participate therein. Traynor, C. J., and Mosk, J., were of the opinion that the petition should be granted.