[Civ. No. 33477.   Second Dist., Div. Three.   Oct. 7, 1968.]

WILLIAM WARD MALOY, Petitioner, v. THE MUNICIPAL COURT OF THE LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Harrison W. Hertzberg and Stephen R. Rykoff for Petitioner.

No appearance for Respondent.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and Michael T. Sauer, Deputy City Attorney, for Real Party in Interest.

COBEY, J.—This is a proceeding to prohibit the municipal court from prosecuting petitioner on a complaint filed by the city attorney charging him with repossessing automobiles within the City of Los Angeles without first obtaining a permit from the city as required by Ordinance No. 77,000. (Mun. Code, art. IX, § 29.01.)

When petitioner's demurrer to the complaint was overruled, petitioner sought a writ of prohibition from the superior court. After a hearing on the alternative writ, a peremptory writ was denied. This petition followed. We issued an alternative writ because of the importance of the question involved, that is, whether the state has now preempted the field of regulatory licensing of repossessors of personalty.

The facts are not in controversy. On August 1, 1966, petitioner obtained a state license under section 7526 of the Business and Professions Code, as a repossessor of automobiles. At that time section 7523.1 of the Business and Professions Code expressly permitted certain local regulatory licensing of repossessors of personalty.[1]

---

[1]This statute, which was added in 1959 (Stats. 1959, ch. 2158, p. 5218, § 6) and which has not been amended since, reads:

"§ 7523.1. The provisions of this chapter shall not prevent the local authorities of any city, county, or city and county, by ordinance and within the exercise of the police power of such city, county, or city and county from imposing local regulations upon any person engaged in the business or accepting employment for the location or recovery of personal property sold under conditional sales agreements or which is subject to the terms of a chattel mortgage, including personal property licensed

Subsequently petitioner applied for a Los Angeles city permit under Ordinance No. 77,000. A hearing on his application was held on November 20, 1967. According to the aforementioned criminal complaint before the respondent court, filed on January 30, 1968, petitioner engaged on January 5, 1968, in the business of repossessing automobiles within the city without possessing the requisite city permit under Ordinance No. 77,000. About five days after the alleged occurrence of this offense, petitioner was notified that his application for a city permit was denied on the ground that he was not a fit and proper person to engage in this business within the city.

Meanwhile, in 1967, the Legislature had enacted section 460 of the Business and Professions Code. (Stats. 1967, ch. 1095, p. 2736, § 1.) This statute, which has also not been amended, reads: ''No city or county shall prohibit a person, authorized by one of the agencies in the Department of Professional and Vocational Standards by a license, certificate, or other such means to engage in a particular business, from engaging in that business, occupation, or profession or any portion thereof. Nothing in this section shall prohibit any city or county or city and county from levying a business license tax solely for revenue purposes nor any city or county from levying a license tax solely for the purpose of covering the cost of regulation.''

Ordinance No. 77,000 was adopted before the enactment of either statute. Petitioner contends that by the enactment of section 460 the state has preempted the field of regulatory licensing of this business and that the ordinance, which subjects him to criminal penalties for failure to obtain a permit, is therefore void. Petitioner further contends that if we give effect to both statutes, Business and Professions Code, sections 460 and 7523.1, their obvious conflict on the point of total preemption by the state of this particular field of local regulatory licensing renders the law in this area unconstitutionally vague, and that in any event Ordinance No. 77,000 is unconstitutional because the character requirements for the granting of a city permit pursuant to it exceed those specified in section 7523.1.

---

under the provisions of the Vehicle Code. Licensing or registration of persons engaged in such business or of their employees may be required with an agency designated by the city, county, or city and county. Any city, county, or city and county may refuse such license or registration to any person of bad moral character and may impose such reasonable additional requirements as are necessary to meet local needs and are not inconsistent with the provisions of this chapter.''

418

■ The city argues that when the Legislature adopted section 460 it did not expressly repeal section 7523.1; that repeal by implication is not favored; that section 7523.1 is a special law which prevails over section 460, which is a general law; and that, in view of the provisions of section 7523.1, the ordinance is valid. We agree generally.

Unless provisions of the state's general laws conflict with those of Ordinance No. 77,000, the City of Los Angeles has the constitutional power to make and enforce within its limits this ordinance for the local regulatory licensing of repossessors of personalty. (See Cal. Const. art. XI, § 11; *Stewart* v. *County of San Mateo*, 246 Cal.App.2d 273, 280-281 [54 Cal.Rptr. 599], hear. den.) ■ Section 7523.1 is not a delegation of legislative power to local governments to engage in this type of licensing; its function is rather to prevent the complete preemption of such licensing by the state which otherwise would occur. (*Stewart* v. *County of San Mateo, supra*; *Robillwayne Corp.* v. *City of Los Angeles*, 241 Cal.App.2d 57, 62 [50 Cal.Rptr. 1].) ■ Section 460, enacted 8 years after section 7523.1 was added to the Private Investigator and Adjustor Act, declares a policy of preemption by the state of the licensing of all businesses, occupations and professions licensed by the State Department of Professional and Vocational Standards except local licensing for revenue purposes and to cover the costs of regulation. It did not, however, repeal by implication section 7523.1, because such repeals are generally disfavored (*People* v. *Connor*, 229 Cal.App.2d 716, 718 [40 Cal.Rptr. 603]); the Legislature is presumed to be aware not only of the general laws which it has enacted (*People* v. *Hillard*, 103 Cal.App. 698, 701 [284 P. 1070]), but also of the judicial decisions interpreting those laws[2] (*Enyeart* v. *Board of Supervisors*, 66 Cal.2d 728, 735 [58 Cal.Rptr. 733, 427 P.2d 509]); and where, as here, two inconsistent statutes, one general and the other special, cover the same subject matter, the special one, whether or not enacted first, is treated as an exception to the general statute and controls unless an intent to the contrary clearly appears. (*Warne* v. *Harkness*, 60 Cal.2d 579, 588 [35 Cal.Rptr. 601, 387 P.2d 377].) Accordingly, section 7523.1 continues in full force and effect, notwithstanding the subsequent enactment of section 460. The

[2]The failure of the Legislature this year to repeal section 7523.1, following the enactment of section 460 last year, is further indication of the legislative intent that section 7523.1 continue in undiminished force and effect.

limits on local regulatory licensing of repossessors of personalty continue to be those specified in section 7523.1.

This interpretation of these two statutes, that the later one is without effect upon the earlier one, does not render the law in this area unconstitutionally vague. To the contrary it eliminates all conflict between the two statutes. In any event petitioner was not actually in doubt as to the law prior to this ruling because, as stated earlier, he applied for a city permit under Ordinance No. 77,000 prior to November 20, 1967.

The one remaining question is whether Ordinance No. 77,000 is constitutionally defective because the character requirements for the granting of a city permit exceed those specified in section 7523.1. In this connection the statute provides that "any city, county, or city and county may refuse any license or registration to any person of *bad moral character* . . ." (Italics added.) The ordinance, on the other hand, specifies in pertinent part that the Board of Police Commissioners shall determine "whether the applicant is *a fit and proper person* to engage in such business." (Italics added.) Mun. Code, art. IX, § 29.01(g)(2).)

But it is unnecessary to decide this interesting question of whether the city in its ordinance has exceeded the licensing power preserved to it by the statute, because the offense charged in the criminal complaint, namely, that petitioner did business within the city without a city permit, allegedly occurred *before* rather than after the permit was denied him. In entering upon his business within the City of Los Angeles before he obtained a city permit to do so, petitioner's position obviously was that as a state licensee no such permit could be legally required of him. In other words he was challenging the *power* of the city to require a permit of him; he was not then challenging any denial of a permit to him because no denial had then occurred. Under these circumstances we will not determine in these proceedings whether the subsequent denial of the city permit to him was improper because the legality of that denial cannot be in issue here.

The alternative writ of prohibition heretofore issued is discharged. The peremptory writ of prohibition is denied.

Ford, P. J., and McCoy, J. pro tem.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 4, 1968.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.